BOARD OF EDUCATION — REPRESENTATION BY PROFESSIONAL ORGANIZATION Under the provisions of 70 O.S. 509.2 [70-509.2] (1971), the local board of education is to recognize a professional organization that secures authorization signed by a majority of the professional educators designating such organization as their representative for negotiations. Further, after the professional organization has been so designated, the bargaining representatives of the professional organization are to be elected by a majority of the professional educators of the district. Under the provisions of 70 O.S. 509.5 [70-509.5] (1971), all employees of a school district other than those employees who are professional educators are to designate an organization composed exclusively of such employees to represent them in negotiating and concluding an agreement with the school district. Title 70 O.S. 509.5 [70-509.5] (1971) does not require that the nonprofessional educators hold a second stage election to select specific bargaining representatives from the designated bargaining organization. The designated bargaining organization, in the case of nonprofessional educators, may select from within the bargaining organization those members who are to participate in the negotiating and concluding of an agreement. Every employee of a school district, whether he is a member of the professional educator group or nonprofessional educator group, is eligible to participate in the designation and election of bargaining organizations and bargaining representatives because the statute merely mentions employees and does not exclude participation by part-time, seasonal temporary, or on some other basis. The Attorney General is in receipt of your letter wherein you request an opinion on the following questions relating to negotiations between school employees and school districts: "1. In what manner does a group of school employees have to designate a bargaining representative? "2. If in your opinion an election is to be held to designate said representative, will a majority of voting employees elect representative or does a majority of all employees elect representative? "3. Whether or not part-time employees for a school district that work only 10 hours per week are eligible to participate in the selection of representatives." The answer to your first question is supplied by the provisions of 70 O.S. 509.2 [70-509.2] and 70 O.S. 509.5 [70-509.5] (1971). Section 70 O.S. 509.2 [70-509.2] provides: "The local board of education shall recognize a professional organization that secures authorizations signed by a majority of the professional educators designating said organization as their representative for negotiations." (Emphasis added) The use of the word "authorization" is meaningful. The word "authorization" in the area of collective bargaining is descriptive of any means of written evidence showing that a member of the bargaining class has authorized a certain group to be that member's professional or bargaining organization. Section 70 O.S. 509.2 [70-509.2] goes on to provide that once the professional organization has been so "designated", the bargaining representatives of the professional organization are to be elected by a majority of the professional educators of the district. Section 70 O.S. 609.5 [70-609.5] (1971), dealing with all employees of a school district other than professional educators, provides a one-step method to designate an organization to negotiate and conclude an agreement with the school district. It provides that such employees "shall likewise be eligible to designate an organization composed exclusively of such employees" to represent them in negotiating and concluding an agreement with the school district. There is no mention in Section 509.5 of a second step election to select bargaining representatives from within the organization so designated. In regard to your second question, an election is not necessary to designate a representative. The means of designation, in the case of professional educators, is provided for by 70 O.S. 509.2 [70-509.2]. It is to be by securing authorizations signed by a majority of the professional educators. The means of designation, in the case of nonprofessional educators, is not expressly provided for, except that they "shall likewise be eligible to designate an organization", which is in apparent reference to the method of designation provided for in 509.2. Giving the plain meaning of the words employed by the statute, the bargaining representatives of the professional organization so designated "shall be elected by a majority of the professional educators of the district they are to represent." In the case of nonprofessional educators, no such election requirement is imposed by statute upon the members of the bargaining unit. That is not to say that the members of the bargaining unit composed of nonprofessional employees could not decide among themselves how they are to select the particular individuals from within their organization who shall be the ones to participate in negotiating and concluding an agreement with the school district. As to your third question, relating to whether or not particular part-time employees would be eligible to participate in the selection of representatives, the statutes are plain and unambiguous and in need of no construction or interpretation. The employees of a school district who are certified public school teachers, and who have not stated in writing to the Board of Education that they do not desire to be represented by any organization, are eligible to participate in the designation and election of bargaining organizations and bargaining representatives for the professional educators. The employees of a school district other than those employees who are professional educators shall likewise be eligible to designate an organization to represent them in negotiating and concluding agreements with the school district. The statutes do not classify the eligibility on the basis of seasonal, part-time, full-time, or temporary. It merely speaks of employees who are certified public school teachers, and all other employees of a school district who are not professional educators. In answer to your question, if an employee of a school district works only ten hours per week, he is eligible to participate in the designation or election of bargaining organizations or bargaining representatives so long as he is an employee of the school district. It is the opinion of the Attorney General that your questions be answered as follows: Under the provisions of 70 O.S. 509.2 [70-509.2] (1971), the local board of education is to recognize a professional organization that secures authorization signed by a majority of the professional educators designating such organization as their representative for negotiations. Further, after the professional organization has been so designated, the bargaining representatives of the professional organization are to be elected by a majority of the professional educators of the district. Under the provisions of 70 O.S. 509.5 [70-509.5] (1971), all employees of a school district other than those employees who are professional educators are to designate an organization composed exclusively of such employees to represent them in negotiating and concluding an agreement with the school district. Title 70 O.S. 509.5 [70-509.5] (1971) does not require that the nonprofessional educators hold a second stage election to select specific bargaining representatives from the designated bargaining organization. The designated bargaining organization, in the case of nonprofessional educators, may select from within the bargaining organization those members who are to participate in the negotiating and concluding of an agreement. Every employee of a school district, whether he is a member of the professional educator group or nonprofessional educator group, is eligible to participate in the designation and election of bargaining organizations and bargaining representatives because the statute merely mentions "employees" and does not exclude participation by part-time, seasonal, temporary, or on some other basis. (Joe C. Lockhart)